[No. 5069.]
[No. 2635 C. A.]

SPEARS ET AL. v. PECHSTEIN ET AL.

1.  Pleading—Complaint—Waiver—Answer.
    Where the caption of a complaint designated H. S. and T. S. as partners under the firm name of S. & S., and the action was upon a contract purporting to have been signed by S. & S., and the complaint alleged that the defendants as S. & S. made the contract, the absence of any positive averment in the complaint of the existence of the partnership was nothing more than an irregularity without prejudice to the defendants, and such irregularity was waived upon their part by answering that the defendants came by their attorney and made defense.—P. 329.
2.  Appellate Practice—Evidence—Judgment—Failure to Except.
    In the absence of an exception to the judgment, the sufficiency of the evidence to sustain it cannot be considered on appeal.—P. 330.
3.  Practice in Civil Actions—Answer—Amendment.
    Where, in the course of the trial, the defendants asked leave to amend their answer and to set up an affirmative ground of defense, but no affirmative showing was made to sustain the application, the refusal of the trial court to permit such amendment is not an abuse of discretion.—P. 330.

*Appeal from the County Court of Teller County.*

*Hon. Albert S. Frost, Judge.*

Action by O. A. Pechstein and E. D. Pechstein, copartners as O. A. Pechstein Cigar Company, against H. H. Spears and T. C. Spears, copartners

as Spears & Spears. From a judgment in favor of plaintiff, defendants appeal. .          *Affirmed.*

Mr. CHARLES C. BUTLER, for appellants.

Mr. JUSTICE GUNTER delivered the opinion of the court:

This was an action by appellees against appellants; and resulted in a money judgment for appellees, to review which judgment defendants below bring this appeal. It is insisted that the amended complaint is fatally defective in not averring the existence of the partnership sued on and against which judgment was taken. It is further contended that there was an absence of evidence of the existence of such partnership. The caption of the complaint designated H. H. Spears and T. C. Spears as copartners under the firm name of Spears & Spears.

The action was upon a contract purporting to have been signed by Spears & Spears. The complaint alleged that defendants which, when the caption of the complaint was looked to, meant H. H. Spears and T. C. Spears, copartners as Spears & Spears, made the contract sued upon. The complaint thus in effect alleged that H. H. Spears and T. C. Spears, as copartners under the firm name of Spears & Spears, made the contract. This clearly disclosed that the action was against H. H. Spears and T. C. Spears, copartners as Spears & Spears, and was an averment, at least by way of recital, of the existence of the copartnership sued.

This amended complaint was not questioned by motion or otherwise, but defendants answered. The answer recites that the defendants come by their attorney and make defense. The answer in effect said, that H. H. Spears and T. C. Spears, copartners as

Spears & Spears, appeared as defendants. It is apparent from the pleadings that both sides understood that the defendants were proceeded against as partners under the name of Spears & Spears, and the absence of a positive averment in the compläint of the existence of the partnership was certainly nothing more than an irregularity which was waived by answering over and was without prejudice to any rights of defendants. It is said there was no evidence of the existence of the partnership. The contract sued on was for about $1,500.00 worth of cigars; the contract was signed "Spears & Spears, by T. C. Spears"; plaintiff shipped the goods pursuant to contract to Spears & Spears at their store; there plaintiffs' agent, after the arrival of the goods, saw and talked with the other member of the firm of Spears & Spears, Henry Spears; the goods were received by the firm, one-half of their purchase price was paid by the firm, and such of the goods as had not been sold and the proceeds appropriated by the firm was in their possession at the time of the institution of this action. If there was any doubt about original implied authority to make the contract of purchase, the evidence clearly showed that it was ratified by the firm, and that the goods covered by the contract were received by the firm. But, aside from this, there was no exception to the judgment which precludes our considering the sufficiency of the evidence to sustain it. In the course of the trial application was made for leave on the part of defendants to amend their answer and set up an affirmative ground of defense. This the court declined to permit. No affirmative showing was made to sustain the application. So far as the facts appear, incidentally the court exercised its discretion wisely, certainly we cannot say that it abused its discretion. Objection is made to the rulings of

the court excluding certain evidence. We find no prejudicial error in such rulings. The judgment was clearly a righteous one, and should be affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAXWELL concurring.